# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-1499

_____

United States of America,          *
                                   *
           Appellee,               *
                                   *    Appeal From the United States
      v.                           *    District Court for the
                                   *    Northern District of Iowa.
Jacqueline J. Ahlers, also known as *
Jackie Ahlers, also known as       *    [UNPUBLISHED]
Jacqueline Schoenauer, also known  *
as Jackie Schoenauer,              *
                                   *
           Appellant.              *

_____

Submitted: November 14, 2005
Filed: November 17, 2005

_____

Before SMITH, HEANEY, and BENTON, Circuit Judges.

_____

PER CURIAM.

Pursuant to a plea agreement, Jacqueline J. Ahlers pled guilty to making materially false declarations before a grand jury or court, in violation of 18 U.S.C. § 1623. She was sentenced to a term of fifteen months in prison, to be followed by two years of supervised release. The sole issue raised in this appeal is whether the district

court[1] erred in imposing a three-level enhancement based on its finding that Ahlers's offense substantially interfered with the administration of justice. We affirm.

The conduct giving rise to Ahlers's conviction surrounded an investigation into the finances of Robert Frank. Frank was obligated to pay a large fine and restitution due to a prior conviction. Unwilling to do so, he sought to conceal his assets from the government. Ahlers, together with her husband, Lorin Ahlers, and Kim Welch, Frank's girlfriend, assisted Frank in this endeavor.

Eventually, the government instituted grand jury proceedings regarding Frank's attempt to avoid his financial obligations. Ahlers was called to testify, and was untruthful before the grand jury and in further court proceedings, including Frank's trial. She testified that Frank had given one of his vehicles, a 1954 Chevrolet Corvette, to her husband years ago, and that her husband had sold the car and collected the proceeds. In actuality, Frank owned and sold the vehicle himself, and had convinced Ahlers to lie for his benefit.

At Ahlers's sentencing proceeding, the government called Jeff McGuire, a special agent with the criminal investigation division of the Internal Revenue Service. McGuire testified that he was involved in the investigation of Frank's attempt to avoid paying his financial obligations. He stated that Ahlers's failure to testify truthfully at the grand jury proceedings impeded his investigation, forcing the government to seek out additional witnesses and documentary evidence to substantiate its theory that Frank was concealing his finances. According to McGuire, when Ahlers and Welch testified falsely about Frank's financial dealings, it complicated what could have been a simple investigation, and forced McGuire to pursue a more exhaustive and arduous one.

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

Given the above testimony, we find no clear error in the district court's imposition of a three-level enhancement due to Ahlers's substantial interference with the administration of justice. United States v. Plumley, 207 F.3d 1086, 1093 (8th Cir. 2000) (standard of review); USSG § 2J1.3(b)(2) (calling for a three-level increase in the defendant's offense level "[i]f the [offense] resulted in substantial interference with the administration of justice"). The commentary to the guidelines defines "substantial interference with the administration of justice" to include false statements which lead to "the unnecessary expenditure of substantial governmental or court resources." USSG § 2J1.3, comment. (n.1). Ahlers's falsehoods resulted in the government expending substantial additional resources to ascertain whether and to what extent Frank was concealing his assets from the government. As such, the enhancement was appropriate, and we affirm its application to Ahlers's case.

_____